UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESLIE KELLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2858** |
| **RIVERBEND NURSING AND REHAB CENTER** | **SECTION "M" (3)** |

**ORDER AND REASONS**

Before the Court is a Motion for Sanctions (Rec. Doc. No. 30) filed by Defendant, Riverbend Nursing and Rehab Center ("Riverbend"). The motion is unopposed. Having reviewed the pleadings and the case law, the Court rules as follows.

On August 3, 2022, Riverbend filed a Motion to Compel Plaintiff's Production of Missing Recording (Rec. Doc. No. 22) seeking an order compelling production of a recording Plaintiff made at the time of her resignation, or, if the recording was no longer available, to provide an explanation of the steps Plaintiff and her counsel took to try to recover the recording. *Id*. at 1. When Plaintiff filed no opposition to the Motion, the Court cancelled the oral hearing scheduled for August 31, 2022, and granted the motion as unopposed. (Rec. Doc. No. 25). The Court further granted Riverbend's request for attorneys' fees, reserving the right for Defendant to file the appropriate motion with supporting documentation to recover the costs and fees incurred in the filing of the motion to compel. *Id*.

On September 30, 2022, Riverbend filed the instant motion for sanctions, contending that Plaintiff had failed to comply with this Court's order to produce the recording or explain the steps taken to recover the recording. (Rec. Doc. No. 30). As a sanction, Riverbend requests the Court accept the following facts as established:

1. Plaintiff voluntarily resigned her employment with Riverbend.

1

    2. Plaintiff was not fired by Kellie Johnston or anyone else with Riverbend.

    3. Plaintiff loudly demanded that Kellie Johnston sign Plaintiff's letter of resignation.

    4. Kellie Johnston did not curse at Plaintiff during the resignation meeting.

(Rec. Doc. No. 30, p. 1). Defendant further requests this Court prohibit Plaintiff from arguing or introducing any evidence that contradicts the above facts, and that attorney fees and costs incurred from the failure to provide the information as ordered be assessed against Plaintiff. *Id*. at 2.

    Under Federal Rule of Civil Procedure 37, the Court may issue sanctions for a party's failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2). The court has wide latitude in determining the appropriate sanction, which includes not only the sanctions requested by Riverbend in this matter, but also other sanctions such as dismissing the action or any portion of the action or treating the failure to obey as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The Court also has authority to impose sanctions in the form of reasonable attorney's fees:

> If a party … fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule …, the court where the action is pending may issue further just orders … Instead of or in addition to [the allowed sanctions], the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, *caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A), (C) (emphasis added); *see also Lytal Enters., Inc. v. Newfield Expl. Co.*, No. 06-33, 2006 WL 3366128, at *1 (E.D. La. Nov. 17, 2006) (citing Fed. R. Civ. P. 37(b)(2) ("The court's authority to hold parties who disobey its discovery orders in contempt and/or to impose sanctions in the form of reasonable attorney's fees and costs is unquestioned.").

    Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *Durant v. City of Gretna*, Civ. A. No. 19-147, 2021 WL 5113147, at *3 (E.D. La. Nov. 3, 2021). Sanctions under Ruel 37 are appropriate where there is willful disobedience or gross

indifference, not when the failure to comply was outside the party's control. *Id*. Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery order. *Id*. (internal quotation omitted).

While this Court will not implement the harsher sanctions requested by Defendants under Rule 37 at this time, the Court will require Plaintiff to pay any expenses, including attorneys' fees, that resulted from her failure to timely produce the recording, or the steps taken to recover the recording, including the expenses and fees required to prepare and file the instant motion for sanctions. (*See* Rec. Doc. No. 25). Plaintiff is cautioned that should she fail to follow this Court's orders in the future, a harsher sanction shall be forthcoming.

Accordingly,

**IT IS ORDERED** that the Motion for Sanctions (Rec. Doc. No. 30) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

**IT IS FURTHER ORDERED** that Defendant file with the Court within seven (7) days a supplemental memorandum with supporting documentation and necessary affidavits to recover the fees and expenses incurred with the filing of this motion, in accordance with Fed. R. Civ. P. 37(b)(2)(C).

**IT IS FURTHER ORDERED** that the oral hearing before the undersigned scheduled for October 19, 2022 is **CANCELLED**.

New Orleans, Louisiana, this 18th day of October, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**