UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LESLIE KELLER                                                       CIVIL ACTION

VERSUS                                                              NO. 20-2858

RIVERBEND NURSING                                                   SECTION M (3)
AND REHAB CENTER

**ORDER & REASONS**

Before the Court is a motion for summary judgment filed by defendant Riverbend Nursing and Rehab Center ("Riverbend").[1] The motion was set for submission on December 1, 2022.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance to be November 23, 2022. Plaintiff Leslie Keller, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 37.
[2] R. Doc. 37-43.
[3] This case involves claims of sexual harassment and retaliation. Keller was employed as a nurse on a *pro re nata* basis at Riverbend from July 29, 2019, to September 9, 2019. R. Docs. 37-1 at 8; 37-2 at 4-5. She alleges that on August 21, 2019, Dr. Lawrence Giambelluca, a nonemployee treating physician, created a hostile work environment by sexually harassing her when he told her she had beautiful freckles and kissed her on the nose and forehead. R. Doc. 37-1 at 8. Keller reported the incident to Julie Harris, the nursing supervisor, who in turn informed Kellie Johnston, Riverbend's administrator. *Id.* Johnston opened an investigation and barred Dr. Giambelluca from the facility pending the results. *Id.* Johnston ultimately decided that Dr. Giambelluca could not return to Riverbend, and on August 27, 2019, Dr. Giambelluca and Riverbend issued a joint letter announcing the end of Dr. Giambelluca's practice at the facility. *Id.* at 8-9. Thereafter, Harris continued to offer shifts to Keller, some of which she declined. *Id.* at 9. Keller resigned from Riverbend on September 9, 2019, a day on which she was assigned 24 patients (more than usual but less than Riverbend's stated limit) because another nurse called in sick. *Id.* Keller claims that Riverbend retaliated against her by requiring her to report to work on time, taking days off of her schedule, providing her with broken computer equipment, and assigning her additional patients on September 9. *Id.* at 18.
    A hostile work environment claim based on sexual harassment consists of five elements: "(1) membership in a protected group; (2) unwelcome sexual harassment; (3) harassment complained of is based on sex; (4) harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action." *Hague v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 560 F. App'x 328, 332 (5th Cir. 2014). Harassment affects a term, condition, or privilege of employment when it is both objectively and subjectively abusive. *Id.* "Simple teasing, offhand comments, and isolated incidents

IT IS ORDERED that Riverbend's motion for summary judgment is GRANTED, and Keller's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 28th day of November, 2022.

                                                               _____
                                                               BARRY W. ASHE
                                                                UNITED STATES DISTRICT JUDGE

---

(unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions' of employment." *Id.* (quotation and alteration omitted). There is no evidence that Dr. Giambelluca's actions, though certainly inappropriate, affected a term, condition, or privilege of Keller's employment. The evidence before the Court shows that it was a one-time incident that did not rise to the "extremely serious" level established by the jurisprudence. *See, e.g., Paul v. Northrop Grumman Ship Sys.*, 309 F. App'x 825, 829 (5th Cir. 2009) (holding that single instance of employee bumping up against plaintiff's breasts and rubbing his pelvic region across her hips and buttocks was not sufficiently severe and pervasive as to alter the terms or conditions of plaintiff's employment); *Gibson v. Potter*, 264 F. App'x 397, 401 (5th Cir. 2008) (holding that nonconsensual physical touching of plaintiff's buttocks, which was promptly investigated, was not severe and pervasive). Moreover, there is no evidence that Riverbend knew of the harassment and failed to take prompt remedial action. Indeed, the opposite is true. Riverbend investigated immediately and ultimately barred Dr. Giambelluca from the property. Therefore, Keller's claim for a hostile work environment based on sexual harassment must be dismissed.

"To establish a prima facie case of retaliation under Title VII, a plaintiff must establish that: (1) [s]he participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action." *Hague*, 560 F. App'x at 333 (quotation omitted). The alleged retaliation must produce an injury or harm that could "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotation omitted). Courts employ an objective standard to evaluate whether an employment action is adverse, mindful that "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id.* at 68-69. Keller's four complaints (being required to report to work on time, having days taken off her schedule, receiving broken computer equipment, and being assigned additional patients), even if true, are nothing more than petty slights or minor annoyances that often occur in the workplace. All employees are required to report on time, there is no evidence that Keller was purposefully given broken computers, and the assignment of additional patients occurred only once when another nurse called in sick. Moreover, Keller has not shown that her schedule was managed in any way out of the norm and, in fact, she turned down shifts that were offered to her. At bottom, Keller has presented no evidence of any adverse employment action causally connected to her reporting the August 21 incident. Thus, Riverbend is entitled to summary judgment on Keller's retaliation claim.